NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE:  VICTOR KIRILICHIN, DAVID P. TURECHEK, BRIAN P. KRIEGER,**
*Appellants*

---

2021-1168

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 16/027,992.

---

Decided:  July 20, 2021

---

JONATHAN A. WINTER, St. Onge Steward Johnston & Reens, LLC, Stamford, CT, argued for appellants.  Also represented by GENE STANLEY WINTER, STEPHEN S. ZIMOWSKI.

BENJAMIN T. HICKMAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Andrew Hirshfeld.  Also represented by MAI-TRANG DUC DANG, THOMAS W. KRAUSE, AMY J. NELSON,    FARHEENA YASMEEN RASHEED.

---

Before MOORE, *Chief Judge*, PROST and O'MALLEY, *Circuit Judges*.

PROST, *Circuit Judge*.

Victor Kirilichin, David P. Turechek, and Brian P. Krieger (collectively, "Appellants") appeal the decision of the Patent Trial and Appeal Board ("Board") affirming the patent examiner's rejection of claims 1–13 of U.S. Patent Application No. 16/027,992 ("the '992 application") as obvious over two prior art references. *See Ex parte Kirilichin*, No. 20-3395, 2020 WL 5231917 (P.T.A.B. Aug. 26, 2020) ("*Board Decision*"). We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A). Because the Board did not adequately address Appellants' teaching-away arguments, we vacate and remand.

The '992 application relates to a plug or insert "that can withstand high pressures typically found in hydraulic manifolds." J.A. 38, 40. The insert comprises a tapered core and a cylindrical metallic sleeve wherein one end of the core is inserted and retained (i.e., "preassembled") in one end of the cylindrical sleeve through press-fit contact. *See* J.A. 43, 50, 56. The insert can be placed in a hole, and the tapered core can be biased further into the cylindrical sleeve, causing the sleeve's outer diameter to expand to plug the hole. *See* J.A. 45, 57–58.

The examiner rejected claims 1–13 as obvious under 35 U.S.C. § 103 over U.S. Patent Nos. 4,646,816 ("Rothstein") and 5,160,226 ("Lee"). J.A. 420. As relevant here,[1] the examiner found that Rothstein disclosed all the limitations of claim 1 except preassembly of the core and the cylindrical sleeve through press-fit contact, which the examiner found to be disclosed by Lee. J.A. 421–23. The Board subsequently affirmed the examiner's rejection.

---

[1] Appellants' teaching-away arguments concern the "cylindrical metal sleeve" and "press fit" limitations of claim 1. The same limitations appear in independent claims 6 and 10 and the remaining claims are dependent.

We review the Board's ultimate obviousness determination de novo and underlying factual findings for substantial evidence. *Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1364–65 (Fed. Cir. 2015). But our review of the Board's decision is also rooted "in basic principles of administrative law." *Pers. Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 992 (Fed. Cir. 2017). The Board therefore must provide "a reasoned basis for the agency's actions" that "suffice[s] for us to see that the agency has done its job." *In re Nuvasive, Inc.*, 842 F.3d 1376, 1383 (Fed. Cir. 2016) (cleaned up).

Appellants' teaching-away arguments are relevant to whether it would have been obvious to a person of ordinary skill to modify Rothstein with the preassembly features disclosed in Lee to arrive at the claimed invention. On appeal to us, Appellants argue, for example, that Lee "explicitly disparage[s] pre-assembly of prior art plugs employing cylindrical sleeves as impractical and unworkable," Reply Br. 7 (citing Lee at col. 1 ll. 12–27, col. 2 ll. 21–25), and that Lee therefore "teaches away from combining [pre-assembly] with a cylindrical device, the very type of device used by Rothstein and required in Appellants' claims," Reply Br. 8. Appellants likewise raised this issue in the proceedings below. *See, e.g.*, J.A. 503 (Appellants arguing that Lee "clearly and explicitly tells the skilled artisan that pre-assembly is not practical in situations where the outer surface of the insert is cylindrical").

We are unable to discern the agency's basis for rejecting Appellants' teaching-away arguments (or whether the issue was addressed at all). The Director seems to suggest that the Board resolved this issue by finding "that the claimed invention, Rothstein, and Lee all employ tapering." Appellee's Br. 10; *see Board Decision*, 2020 WL 5231917, at *4 (reasoning that Appellants' arguments regarding the "tapering" of Lee's components were unpersuasive because "Rothstein['s], Lee['s], and Appellant[s'] devices all rely on tapering"). We disagree that the Board (or the examiner)

sufficiently addressed Appellants' teaching-away arguments. First, the examiner's findings with respect to Lee were limited to general preassembly by press fitting—the examiner stated that "the *only* teaching . . . gleaned from the disclosure of Lee is that it is known to be advantageous to press fittingly pre-assemble two components of a sealing insert." J.A. 526 (emphasis in original). Second, the Board's decision makes no mention of teaching away, and the Board's generic statement that each of the three devices relies on tapering falls short of "setting out [the Board's] reasoning in sufficient detail to permit meaningful appellate review" of the teaching-away issue. *See Power Integrations, Inc. v. Lee*, 797 F.3d 1318, 1327 (Fed. Cir. 2015). And "whether a reference teaches away from the claimed invention" is a "question[] of fact," *Meiresonne v. Google, Inc.*, 849 F.3d 1379, 1382 (Fed. Cir. 2017), that is not for us to decide in the first instance in this appeal, contrary to the Director's suggestion that we do so, *see* Appellee's Br. 16–18 (arguing for a finding that Lee "does not teach away").

Appellants raise additional challenges to the Board's decision, but these challenges may arguably overlap with the teaching-away issue discussed herein. Accordingly, we do not reach the remaining issues raised on appeal at this time.

In sum, we are unable to meaningfully assess whether the Board's determination of obviousness in this case is supported by substantial evidence. We therefore vacate the Board's decision and remand the case for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

COSTS

Costs to Appellants.